# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SCOTT B. SULLIVAN,

    **Plaintiff,**

v.

    Case No. 2:19-CV-2034-JAR-TJJ

HCA HEALTHCARE, INC., et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

    This matter comes before the Court on Plaintiff Scott B. Sullivan's Motion for Relief Under Rule 59(e) (Doc. 71), in which he asks the Court to reconsider its Memorandum and Order dismissing this case under Fed. R. Civ. P. 12(b)(6) (Doc. 69).

    Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[1] Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice.[2] A Rule 59(e) motion does not permit a losing party to revisit issues previously addressed or to present new legal theories or facts that could have been raised earlier.[3] Rather, such a motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[4]

---

[1] D. Kan. Rule 7.3(a).

[2] *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[3] *Servants*, 204 F.3d at 1012.

[4] *Id*. (citation omitted); *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Because Plaintiff proceeds *pro se*, the Court is mindful that it must construe his pleadings liberally and apply a less stringent standard than that applicable to attorneys. Nonetheless, Plaintiff presents no valid legal argument to warrant relief from the Court's Order.[5] Although quite difficult to follow at times, Plaintiff's motion identifies neither an intervening change in the law nor new evidence that was previously unavailable. To the extent that Plaintiff contends that the Court committed clear error, Plaintiff misstates the law and fails to establish that the Court has misapprehended the facts or his position. Finally, the Court does not consider any of Plaintiff's arguments raised for the first time in his motion to alter or amend the judgment under Rule 59(e).

The Court conducted a thorough review and analysis of Plaintiff's 68-page Amended Complaint and eight separate motions to dismiss filed in this matter before determining that Plaintiff failed to state a claim under federal law. In addition to this case, Plaintiff filed two largely similar actions in which the Court ruled on a total of six motions to dismiss.[6] Plaintiff has now filed the same or virtually the same motion to alter or amend in each case, along with the same reply in support. Much of Plaintiff's motion recounts the symptoms that he suffers, his past attempts to obtain medical treatment and the stigma facing sufferers of his condition, and the

---

[5]*Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). Defendant Bradley McIlnay, M.D. argues that Plaintiff's motion is untimely to the extent that it seeks alteration or amendment of the Court's order denying Plaintiff leave to amend. *See* Doc. 80 at 2 (citing D. Kan. Rule 7.3(b); *Welch v. Centex Home Equity Co.*, 224 F.R.D. 490, 493 (D. Kan. 2004)). Under D. Kan. Rule 7.3(b), "parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time." *See Welch*, 224 F.R.D. at 493 ("Insofar as plaintiff asks the court to reconsider the aspect of its . . . order in which the court denied plaintiff's motion for leave to amend, the court must construe the motion as one to reconsider a non-dispositive order. As such, the motion is governed by D. Kan. Rule 7.3(b)"). Although Plaintiff's motion is untimely as to that portion of the Court's Order denying leave to amend, the Court has nonetheless considered Plaintiff's arguments for alteration or amendment in light of his *pro se* status.

[6]*Sullivan v. Univ. of Kan. Hosp. Auth.*, D. Kan. Case No. 19-cv-2078-JAR-TJJ, Doc. 112; *Sullivan v. Adventist Health Sys.*, D. Kan. Case No. 18-cv-2606-JAR-TJJ, Doc. 32.

extent to which he believes he has been deceived, intimidated, threatened, coerced, harassed, extorted, and retaliated against both by medical professionals over the years. While the Court certainly has sympathy for Plaintiff's physical and emotional pain and suffering, and for his difficulty as a *pro se* plaintiff, his motion simply fails to provide a basis for relief under Rule 59(e). Accordingly, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Scott B. Sullivan's Motion for Relief Under Rule 59(e) (Doc. 71) is **denied**.

**IT IS SO ORDERED.**

Dated: October 31, 2019

>S/ Julie A. Robinson
>JULIE A. ROBINSON
>CHIEF UNITED STATES DISTRICT JUDGE